JUDGE PATTERSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 3710

------------------------------------------------------------X   Case No.
INGRIT ECHEVARRIA,

          Plaintiff,                          **COMPLAINT**

     -against-

INSIGHT MEDICAL, P.C., and AL OKHRAVI and    **PLAINTIFF DEMANDS**
DR. STEVE OKHRAVI, *Individually*,               **A TRIAL BY JURY**

          Defendants.
------------------------------------------------------------X

[RECEIVED MAY 31 2013 U.S.D.C. S.D.N.Y. CASHIERS]

    Plaintiff, INGRIT ECHEVARRIA, by her attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, upon information and belief, complains as follows:

## NATURE OF THE CASE

1.    Plaintiff brings this action charging that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et. seq. ("Title VII"), New York State Executive Law §296, et. seq. ("NYSEL"), and the New York City Human Rights Law, Administrative Code §8-107, et. seq. ("NYCHRL"), seeking to recover lost wages, damages for emotional distress, punitive damages, reasonable attorney's fees and costs as a result of being harassed and discriminated against solely on the basis of her sex, and constructively discharged in retaliation for opposing illegal harassment. Specifically, Plaintiff's supervisor Defendant AL OKHRAVI discriminated against the Plaintiff by sexually harassing her, and Defendant DR. STEVE OKHRAVI for terminating her employment in retaliation for her opposition to the sexual harassment of Defendant AL OKHRAVI.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district, pursuant to 28 U.S.C. §1391(b), as the location where a substantial part of the events or omissions giving rise to the claim occurred.

## PROCEDURAL PREREQUISITES

4. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

5. Plaintiff received a Notice of Right to Sue from the EEOC, dated May 8, 2013, with respect to the instant charges of discrimination.

6. This Action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

7. Plaintiff INGRIT ECHEVARRIA ("ECHEVARRIA") is a resident of the State of New York, County of Bronx.

8. At all relevant times, defendant INSIGHT MEDICAL, P.C. ("INSIGHT"), headquartered at 1715 Dr. Martin L. King Jr. Blvd, Bronx, NY, 10453, is a domestic professional corporation organized and existing by virtue of the laws of the State of New York.

9. Upon information and belief, at all relevant times Defendant AL OKHRAVI ("A. OKHRAVI") was and is a resident of the State of Virginia.

10. Upon information and belief, at all relevant times, A. OKHRAVI held and holds the position of "General Manager" of INSIGHT.

11. At all relevant times, A. OKHRAVI was ECHEVARRIA's supervisor and/or had

supervisory authority over ECHEVARRIA.

12. Upon information and belief, at all relevant times DR. STEVE OKHRAVI ("DR. OKHRAVI") was and is a resident of the State of New York, County of Nassau.

13. Upon information and belief, at all relevant times DR. OKHRAVI held and holds the positions of "President" and "Medical Director" at INSIGHT.

14. At all relevant times, DR. OKHRAVI was ECHEVARRIA's supervisor and/or had supervisory authority over ECHEVARRIA.

15. Upon information and belief, DR. OKHRAVI and A. OKHRAVI are brothers.

16. Upon information and belief, DR. OKHRAVI and A. OKHRAVI directed and controlled INSIGHT.

17. Defendants A. OKHRAVI, DR. OKHRAVI, and INSIGHT are collectively referred to in this Complaint as "Defendants."

## MATERIAL FACTS

18. At all relevant times INSIGHT employed ECHEVARRIA as an Office Manager.

19. At all times, ECHEVARRIA was capable of performing, and did capably perform, all tasks and obligations attendant to her employment as Office Manager with INSIGHT.

20. Starting in the month of October, 2012 and continuing until her termination on December 22, 2012, ECHEVARRIA's superior, A. OKHRAVI intentionally began making sexually suggestive remarks and unwanted sexual advances toward ECHEVARRIA.

21. A. OKHRAVI's unwanted remarks and advances extended from personal comments to unwanted text messages and calls to her personal mobile phone.

22. In or around this time, A. OKHRAVI requested that ECHEVARRIA accompany him on a trip to Atlantic City for sex.

23. A. OKHRAVI additionally described explicit sexual acts to which he stated he would like to subject Plaintiff. One such example was his stated desire to touch ECHEVARRIA's genitals and his desire to have anal sex with her.

24. On several different occasions, A. OKHRAVI asked ECHEVARRIA to meet him in the evening at a bar or at the workplace for sex.

25. ECHEVARRIA, fearing for her job security if she rejected A. OKHRAVI's advances outright, was constantly forced to lie to A. OKHRAVI and invent excuses for why she could not meet him or travel to Atlantic City with him.

26. Plaintiff ECHEVARRIA suffered emotional and physical distress due to this unwanted sexual harassment.

27. A. OKHRAVI's illegal harassment was known or should have been known to DR. OKHRAVI, in his capacity as President and Medical Director of INSIGHT, but DR. OKHRAVI failed to stop A. OKHRAVI's actions.

28. On or about December 22, 2012, tired of constant harassment and fear, ECHEVARRIA called DR. OKHRAVI to complain about and demand a stop to A. OKHRAVI's illegal conduct.

29. During this phone call, DR. OKHRAVI made strange, irrational references to Pope Benedict XVI, and directed ECHEVARRIA to speak with the Pope.

30. DR. OKHRAVI rejected ECHEVARRIA's complaints and refused to listen to her allegations against A. OKHRAVI.

31. ECHEVARRIA feeling insulted and harassed by DR. OKHRAVI's statements regarding Pope Benedict XVI and his refusal to accept her complaints against A. OKHRAVI, terminated the telephone call with DR. OKHRAVI.

32. ECHEVARRIA immediately sent DR. OKHRAVI a text message and specifically complained that A. OKHRAVI was proposing a sexual relationship with her.

33. DR. OKHRAVI replied and agreed to schedule a meeting with ECHEVARRIA within a week to discuss her allegations.

34. DR. OKHRAVI did not wait to schedule a meeting with ECHEVARRIA. Within an hour of her complaint, DR. OKHRAVI terminated ECHEVARRIA's employment with INSIGHT, without explanation, and despite her excellent performance of her duties as office manager for INSIGHT.

35. Prior to informing DR. OKHRAVI about A. OKHRAVI's illegal harassment, Plaintiff ECHEVARRIA was uniformly praised for her performance. She executed all of her job tasks in exceptional fashion, and without complaint.

36. Defendants embarked on a discriminatory crusade to terminate Plaintiff ECHEVARRIA because she complained of A. OKHRAVI's illegal harassment and denied his attempts to engage in a sexual relationship with her.

37. Defendants retaliated against Plaintiff ECHEVARRIA for her complaint to DR. OKHRAVI.

38. Defendant A. OKHRAVI harassed and discriminated against Plaintiff ECHEVARRIA solely on the basis of sex.

39. Defendants discriminated against and retaliated against ECHEVARRIA because of her complaint to DR. OKHRAVI regarding A. OKHRAVI's unwanted advances.

40. Defendants subjected Plaintiff ECHEVARRIA to a hostile work environment based on numerous acts of sexual harassment by her supervisor, A. OKHRAVI.

41. As a result of Defendants' action, Plaintiff ECHEVARRIA has suffered emotional pain

and suffering, humiliation, embarrassment, degradation, inconvenience, stress, anxiety, loss of sleep, loss of appetite, loss of enjoyment of life, loss of income, earnings, interest, and the loss of other benefits of employment.

42. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff ECHEVARRIA demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

44. 42 USC 2000e-2(a), states in relevant part: "It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...."

45. By discriminating against Plaintiff ECHEVARRIA, in whole or in part, on the basis of her sex and her rejection of A. OKHRAVI's unwanted advances, Defendants have violated Title VII of the Civil Rights Act of 1964. 42 USC 2000e, et. seq.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## (Not Against Individual Defendants)

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an

employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

48. By retaliating against Plaintiff ECHEVARRIA for her opposition to their illegal conduct, Defendants violated 42 U.S.C. §2000e-3(a).

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

49. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

51. Defendants violated the section cited herein as set forth.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

52. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice for "any person engaged in any activity to which this section

7

applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

54. Defendants violated the section cited herein as set forth.

### AS A FIFTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW

55. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice for "any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

57. Defendants violated the section cited herein as set forth.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

58. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

60. Defendants violated the section cited herein as set forth.

### AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

8

61. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. The New York City Administrative Code Title 8, §8-107 (7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

63. Defendants violated the section cited herein as set forth.

### AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

64. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

66. Defendants violated the section cited herein as set forth.

### AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

67. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this

section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   i. the employee or agent exercised managerial or supervisory responsibility; or

   ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

69. Defendants violated the section cited herein as set forth.

## INJURY AND DAMAGES

70. As a result of the acts and conduct complained of herein, Plaintiff ECHEVARRIA has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses, and Plaintiff has also suffered future pecuniary losses, emotional pain, physical pain and suffering, inconvenience, injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

## JURY DEMAND

71. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, New York State Executive Law, and the New York City Human Rights Law, by discriminating against Plaintiff on the basis of her gender and unlawfully harassing her and retaliating against her for complaining about gender-based discrimination and harassment.

B. Awarding damages to the Plaintiff, retroactive to the first day of her employment with Defendants, to make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of

the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
      May 31, 2013

                                **PHILLIPS & ASSOCIATES,**
                                **ATTORNEYS AT LAW, PLLC**

                                _____
                                Jesse C. Rose (JR2409)
                                  Of Counsel
                                30 Broad Street, 35th Floor
                                New York, NY 10004
                                (212) 248 7431

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Ingrit Echevarria<br>2215 Gleason Avenue<br>Bronx, NY 10462 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2013-01087 | John B. Douglass, Investigator | (212) 336-3765 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____    5/8/2013
Kevin J. Berry,                                  (Date Mailed)
District Director

Enclosures(s)

cc: INSIGHT MEDICAL, PC
c/o Kathryn Barry
JACKSON LEWIS LLP
58 South Service Road
Suite 410
Melville, NY 11747

Jesse C. Rose, Esq.
PHILLIPS & ASSOCIATES
30 Broad Street, 35th Floor
New York, NY 10004