**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
INGRIT ECHEVARRIA,                                                                    13-cv-3710

                                      Plaintiff,

                -against-

INSIGHT MEDICAL, P.C., AL OKHRAVI, *Individually*, and
DR. STEVE OKHRAVI, *Individually*,

                                      Defendants.
--------------------------------------------------------------------X

## PLAINTIFF'S PROPOSED JURY CHARGE

      Plaintiff, Ingrit Echevarria, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, pursuant to Rule 51 of the Federal Rules of Civil Procedure, respectfully request that the Court give the following instructions to the jury, and such other instructions as may be submitted hereafter in accordance with later proceedings in this action.

## GENERAL INSTRUCTIONS

PROPOSED INSTRUCTION NO. 1

**Province of the Court and Jury**

Ladies and gentlemen of the jury, now that you have heard all of the evidence in the case and the arguments of each side, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as I state it to you, and to apply that law to the facts, as you find them, from the evidence presented. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Before I instruct you on the specific law relating to plaintiff's claims in this lawsuit, I wish to advise you regarding the general rules you must follow in making your determination.

## PROPOSED INSTRUCTION NO. 2

## **Role of Judge and Jury**

You as jurors are the exclusive judges of the facts in this case. I remind you that nothing that I may have said during the course of the trial should be taken by you as any indication of my opinion as to the facts. If you feel that I have given any indication as to my opinion of any fact in this case you are to completely disregard it.

I also remind you that statements made by counsel during opening statements or during final argument are not evidence.

PROPOSED INSTRUCTION NO. 3

**Consideration of Evidence**

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted, previously found by the Court to be true or stipulated; and all applicable presumptions stated in these instructions.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in light of your experience.

During the trial, you may have heard the attorneys use the term "inference," and in their argument, they have asked you to infer, on the basis of your own experience and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or guess. It is a reasonable, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. There are times when different inferences may be drawn from facts whether by direct or circumstantial evidence. It is for you and you alone to decide what reasonable inferences you will draw. All evidence is important. And you will, of

course, consider all the evidence in making your decision.

PROPOSED INSTRUCTION NO. 4

**Witness Credibility**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor – that is, witness's carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear and know the things

about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

PROPOSED INSTRUCTION NO. 5

**Single Witness**

The weight of the evidence is not determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a large number of witnesses to the contrary.

The testimony of a single witness which produces in your minds a belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

PROPOSED INSTRUCTION NO. 6

**Preponderance of the Evidence**

The burden is on the plaintiff in this lawsuit, to prove the elements of his claims by a preponderance of the evidence.

What do I mean by a "preponderance of the evidence"? To "establish by a preponderance of the evidence" means to prove that something is more likely so than not to so.  This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. Nor does it require proof beyond a reasonable doubt.  It requires only that the balance be tipped, however slightly, in favor of plaintiff.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

STATEMENT OF CLAIMS

PROPOSED INSTRUCTION NO. 7

**Summary of Claims**

With these general instructions in mind, we now turn to the law applicable to plaintiff's claims in this lawsuit.

In this case, Ms. Echevarria claims that Defendants Insight Medical, P.C., Al Akhravi, and Dr. Steve Okhravi violated a Federal Civil Rights statute and New York City Human Rights Law that prohibits an employer from discriminating against employees in the terms and conditions of employment because of their gender which includes sexual harassment.

1. **Hostile Work Environment Under Federal Law**

The Federal Civil Rights law also prohibits the creation of a hostile work environment caused by harassment because of an employee's gender, which includes sexual harassment. Ms. Echevarria claims that Defendant Al Okhravi created a hostile work environment by coercing him to engage in a sexual relationship.

To succeed on her federal claim for hostile work environment, Ms. Echevarria must show the following:

    a. That she was intentionally subjected to unwelcome harassment by the employer or by her supervisor.

    b. that the harassment was based upon her sex.

    c. that the harassment was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and Plaintiff in fact did perceive it to be so; and,

    d. that the harassment was sufficiently sever <u>or</u> pervasive so as to alter the conditions of her employment and create an abusive working environment.

Unwelcome harassment means conduct that is uninvited, offensive or unwanted. On whether the conduct was objectively offensive, you may consider, amount other things, the frequency of the conduct, its severity, whether it was physically threatening or humiliating or whether it was a mere offensive utterance, whether it unreasonably interfered with an employee's work performance, and its effect on the employee's psychological well-being.

Liability on this claim requires more than mere utterance of an offensive remark but does not require psychological injury. There is no precise test to determine whether actions are offensive under this standard. Instead, you must consider the evidence as a whole, including the nature of the conduct and the context in which it occurred. Discriminatory intimidation, ridicule and insult can be sufficiently severe or pervasive to be a hostile work environment. The conduct does not have to be sexual in nature but it does need to have been committed because of sexual desire or conflict due to gender.

Offhand comments, rudeness, occasional teasing and isolated incidents are not alone sufficient to meet the standard for hostile work environment under the Federal law. The Federal

law is not a general civility code for the workplace.

2. **Hostile Work Environment Under the New York City Human Rights Law**

Plaintiff Ingrit Echevarria has also brought claims under the New York City Human Rights Law for creating a hostile work environment. The City law prohibits an employer from discriminating against an individual on the basis of gender in the terms, conditions or privileges of their employment.

Ms. Echevarria claims that she was treated differently than other employees based on gender and was sexually harassed. In order to find for Ms. Echevarria on this claim, you must first determine by a preponderance of the evidence, that she was at the relevant period a member of a protected class. I direct you to find, that Ms. Echevarria is a female. You must then determine, by a preponderance of the evidence, two things:

   a. First, you must determine that during the time Ms. Echevarria was employed by Defendants, an employee or agent of her employer subjected her to discriminatory conduct based on her gender in the course of his employment.

   b. Second, you must then determine, by a preponderance of the evidence, that a manager or supervisor of the Defendants either engaged in such conduct or knew of the conduct and that the Defendant restaurant acquiesced in the conduct or failed to take appropriate corrective action.

I direct you to find that Mr. Al Okhravi was a manager and supervisor at Defendant Insight during the term of Ms. Echevarria's employment.

Under the City law, you must only find that Ms. Echevarria was treated less well than other employees because of her gender. This includes sexual advances which are unwanted.

Ms. Echevarria must prove that Defendants subjected her to unwelcomed discriminatory conduct during some, or all, of his employment, that a reasonable person would find was more than "petty slights and trivial inconveniences."  Thus, a single act or comment related to Ms. Echevarria's gender is sufficient for Ms. Echevarria to prove her case as long as the comment or comments are more than petty slights or trivial inconveniences.

Ms. Echevarria is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other facts, for example, explanations that were given that you find were really pretextual. "Pretextual" means false or, though true, not the real reason for the action taken. An employer does not have to discriminate against all members of a class to illegally discriminate against a given member of that class.

3. **Retaliation**

Under both the federal and City laws retaliation is identically analyzed. If Ms. Echevarria proves that she complained about discrimination, including sexual harassment; was subject to an adverse employment action, such as termination; and that the adverse employment action is connected to the complaint then Ms. Echevarria has established her claim. In order to find that the adverse employment action is connected to the complaint, you can look at things such as timing, lack or other rationale, and other inferences which you may find relevant during the trial. Ms. Echevarria does not need to show direct proof that they admitted that the reason for her termination was her complaint, only that more likely than not she was terminated because of her complaint.

4. **Individual Liability**

The New York City Human Rights Law also makes it unlawful for a person to "aid, abet, incite, compel or coerce," any conduct that the law prohibits, or to attempt to do so.  Any employee or officer who was directly involved in any discriminatory or retaliatory acts against Ms. Echevarria can be held personally liable under the New York City Human Rights Law. This includes anyone who had the power "to hire, fire, demote, promote, transfer, or discipline" Ms. Echevarria, anyone who had "authority to affect [her] day-to-day work activities," and anyone who had the ability to "recommend tangible employment decisions" that would affect her, such as a negative performance evaluation, denial of a raise, reduction of a bonus, or termination may be held liable individually.

You must determine whether Defendants Al Okhravi and Dr. Steve Okhravi are personally liable for the conduct described.  You may find such persons personally liable if by a preponderance of the evidence you find that he participated in the conduct giving rising to discrimination, or attempted to aid or abet or did aid or abet such conduct.

5. **Employer Liability**

Also, under the New York City Human Rights Law, Defendant Insight Medical is strictly liable for the harassing or hostile acts of any of its supervisors. Strictly liable means that Defendant Insight Medical is liable for the acts of it's supervisors, including Defendants Al Okhravi and Dr. Steve Okhravi.

Under the Federal law, the corporate employer is liable if the actions taken were by someone who owns the company or someone sufficiently high up within the company to speak on behalf of the company. Here, Defendants Al Okhravi and Dr. Steve Okhravi both meet that standard and their actions should be attributed to the company.

DAMAGES

**Damages - Introduction**

If you find that plaintiff has proved by a preponderance of the evidence all of the elements of one or more of her claims for relief for the alleged violation of his rights, you must then decide if she suffered any damages as a result of the violation.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other.  It is for you alone to decide in accordance with my instructions whether a Defendant whom you are considering is liable.

You should not reach the issue of damages unless you find that Plaintiff has established liability on at least one of her claims.

Should you decide that Plaintiff has proved a particular claim by a preponderance of the

evidence, you must consider awarding two types of damages: compensatory damages and punitive damages. I will now define each type of damages.

## **Compensatory Damages**

If you find that Defendants are liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole; that is, to compensate Plaintiff for the damage that she has suffered. If Plaintiff wins, she is entitled to compensatory damages as a matter of law for any injury by the conduct of Defendants.

You must award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered, or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In assessing compensatory damages, you must include an amount attributable to the injuries sustained by Plaintiff resulting from her interactions with defendants that you determine

to be reasonable compensation in light of all the evidence in this case.

In this case, Plaintiff contends that she suffered emotional injuries and mental anguish as a result of Defendant's conduct.  Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors.  You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate.  In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate Plaintiff for the injuries you find that she endured. The amount of damages should be neither excessive nor inadequate.  It should be fair, just, and reasonable.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

If you find for Plaintiff, she is entitled to recover an amount that will fairly compensate her for any damages she has suffered to date.  In addition, if you find that Plaintiff is reasonably certain to suffer damages in the future from her injuries, then you should award her the amount you believe would fairly compensate her for such future damages.

## Punitive Damages

If you have awarded Plaintiff compensatory damages, the law permits the jury, under certain circumstances, to award Plaintiff punitive damages in order to punish the wrongdoer for the violation of Plaintiff's rights, or some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you, the jury, should find, from a preponderance of the evidence, that the conduct of

Defendant that proximately caused injury or damage to Plaintiff was maliciously, or wantonly, or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive damages.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury.  When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case.  In fixing the amount of punitive damages, you must consider the degree of responsibility of the Defendant's conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon Plaintiff.

**<u>Duty of the Jury</u>**

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Every juror should be heard. No one juror should hold the center state in the jury room and no one juror should control or monopolize the deliberations. You are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict solely because of the opinion

of other jurors. Discuss your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion with in your good conscience if appears to be in accordance with the truth.

### Selection of Foreperson

Your foreperson will preside over the deliberations and speak for you here in open court. The foreperson has no greater voice or authority than any other juror.

The foreperson will send out any notes and, when the jury has reached a verdict, he or she will notify the Marshall that the jury has reached a verdict.

Dated: New York, New York
June 13, 2014

**Phillips & Associates, PLLC**

_____/s/_____
Jesse C. Rose (JR-2409)]
Of Counsel
Edward Kennedy
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, NY 10006
Tel: (212)248-7431
Fax: (917) 831-4595