```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INGRIT ECHEVARRIA,                          Civil Action No.: 13-cv-3710
                Plaintiff,                              (RPP)
        -against-

INSIGHT MEDICAL, P.C., AL OKHRAVI and
DR. STEVE OKHRAVI, individually,
                Defendants.
------------------------------------------------------------X
```

# DEFENDANTS' PROPOSED JURY CHARGE

Defendants, Insight Medical P.C., Al Okhravi and Dr. Steve Okhravi, by their attorneys, The Aboushi Law Firm, PLLC. pursuant to Rule 51 of the Federal Rules of Civil Procedure, respectfully request that the Court give the following instructions to the jury, and such other instructions as may be submitted hereafter in accordance with later proceedings in this action.

## PROPOSED INSTRUCTION NO.1

I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions what we call your deliberations.

## PROPOSED INSTRUCTION NO. 2
### Consideration of the Evidence

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you

consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence. Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

### PROPOSED INSTRUCTION NO.3
### Credibility of the Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.
In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other

evidence?

## PROPOSED INSTRUCTION NO.4
### Impeachment of Witnesses

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something; or failed to say or do something which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## PROPOSED INSTRUCTION NO.5
### Expert Witnesses

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

## PROPOSED INSTRUCTION NO.6
### Burden of Proof

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

## PROPOSED INSTRUCTION NO.7

### Hostile Work Environment under Federal Law and New York State Law

Plaintiff claims that she was subjected to sexual harassment by defendant Al Okhravi and that Insight Medical P.C. and Dr. Steve Okhravi failed to provide her with a workplace environment free from that harassment.

Federal Law makes it illegal for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of her gender. 42 U.S.C. §§ 2000e-2(a). The New York Executive Law also makes it unlawful to discriminate against employees because of their gender. Sexual harassment is a form of gender discrimination. Petrosino v. Bell Atlantic, 385 F.3d 210, 220 (2d Cir. 2004).

To prevail on a claim of sexual harassment based on a hostile work environment, the plaintiff must establish by a preponderance of the evidence that her workplace was permeated with discriminatory intimidation that was sufficiently severe **or** pervasive to alter the conditions of her work environment. Petrosino, 385 F.3d at 221; Gierlinger v. New York State Police, 15 F.3d 32, 34 (2d Cir. 1994). A work environment is hostile or abusive because of sexual harassment only if:

1. The Plaintiff was subjected to sexually offensive acts or statements;
2. Such acts or statements were unwelcome and had not been invited or solicited, directly or indirectly, by the Plaintiff's own acts or statements;
3. Such acts or statements resulted in a work environment that was so permeated with discriminatory intimidation, ridicule, or insult of sufficient severity or pervasiveness that it materially altered the conditions of the Plaintiff's employment;
4. A reasonable person, as distinguished from someone who is unduly sensitive, would have found the workplace to be hostile or abusive.

Whether a workplace environment is "hostile" or "abusive" can be determined only by looking at all the circumstances including the frequency of the discriminatory

conduct; its severity; whether it was physically threatening or humiliating; and whether it unreasonably interfered with the employee's work performance.

The effect on the employee's mental and emotional well being is also relevant to determining whether the Plaintiff actually found the workplace environment to be hostile or abusive; but while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

Conduct that only amounts to ordinary socializing in the workplace such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender-related jokes, and occasional teasing, does not constitute an abusive or hostile environment. Only extreme conduct amounting to a material change in the terms and conditions of employment is actionable.

When a hostile or abusive work environment is created by the conduct of a supervisor with immediate or successively higher authority over the Plaintiff, the Defendant employer is responsible under the law for such behavior and the resulting work environment. Finally, in order for the Plaintiff to recover damages for having been exposed to a discriminatorily hostile or abusive work environment because of sex, the

Plaintiff must prove that such damages were proximately or legally caused by the unlawful discrimination. For damages to be the proximate or legal result of unlawful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

To prevail on these claims, plaintiff must show through a preponderance of the evidence that an objective person in her situation would have perceived the workplace as a hostile environment based on her gender.  Petrosino, 385 F.3d at 221.

Factors that you may consider in determining whether plaintiff was subjected to a hostile work environment include the frequency of the offensive conduct; its severity; whether it was physically threatening or humiliating; and whether the conduct unreasonably interfered with her work performance.  Schiano v. Quality Payroll Sys., 445 F.3d 597, 605 (2d Cir. 2006).  Plaintiff can show that her discriminatory work environment was hostile in two ways: she may show either that a single incident of harassment or intimidation was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment.  Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002).

Whether or not the harassment interferes with plaintiff's ability to work is merely one factor to be considered in looking at the totality of circumstances to determine whether defendants created a hostile work environment.  Schiano, 445 F.3d at 605.  To prevail on her sexual harassment claim, plaintiff does not need to show that any job benefits were conditioned on submitting to any sexual advances.  Nor must plaintiff show that any job benefits were denied because of refusing those advances.

In order for you to find Insight liable for the hostile work environment in violation of Federal Law, plaintiff must first show, by a preponderance of the evidence, that appropriate officials at the agency knew about the sexual harassment.  Faragher v. City of Boca Raton, 524 U.S. 775, 789 (1998).  If plaintiff shows that Dr. Steve Okhravi was aware of the harassment, to avoid liability, Insight and Dr. Okhravi must show, by a preponderance of the evidence, that (a) it exercised reasonable care to prevent and correct promptly any sexually harassing behavior and (b) the plaintiff unreasonably failed to take

advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. Petrosino, 385 F.3d at 225.

In determining whether Insight and Al Okhravi are liable for sexual harassment, you should consider whether they investigated plaintiff's internal sexual harassment complaint in good faith. You may also consider whether Insights' investigation was honestly calculated to remedy the hostile work environment. In determining whether Insight properly remedied the hostile work environment, you should consider whether its response was commensurate with the severity of the harassment. Ferris v. Delta Air Lines, 277 F.3d 128, 137 (2d Cir. 2001).

## Retaliation under Title VII and New York Executive Law

Plaintiff claims that Insight and Dr. Steve Okhravi terminated her employment in retaliation for complaining about defendant Al Okhravi's sexual harassment.

To prevail on the retaliation claim, plaintiff must show by a preponderance of the evidence that (1) she complained about sexual harassment; (2) Dr. Steve Okhravi was aware of that activity; (3) she was terminated; and (4) there was a causal connection between her sexual harassment complaint and her termination.

Plaintiff claims that she was fired in retaliation for complaining about sexual harassment. Defendants deny that claim and has articulated a non-retaliatory reason for plaintiff's termination. To prevail on her retaliation claim, plaintiff must show by a preponderance of the evidence that retaliation was a substantial reason for her termination. Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir. 2005).

You may conclude that Defednants' retaliated against plaintiff if she establishes by a preponderance of the evidence that this defendant has articulated a false reason for her termination.  Reeves v. Sanderson Plumbing, 530 U.S. 133, 146-47 (2000).

**PROPOSED INSTRUCTION NO. 8**
**Affirmative Defenses**

If you find that the Plaintiff has proved each of the things she must prove in support of her claim, you will then consider the Defendants' affirmative defense to that claim. In order to prevail on the affirmative defense, the Defendants must prove each of the following facts by a preponderance of the evidence:

1. That the Defendants had notice of the sexual harassment; and

2. That the Defendants exercised reasonable care to prevent and correct promptly, any sexually harassing behavior in the workplace; and

3. That the Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the Defendant to avoid or correct the harm or otherwise failed to exercise reasonable care to avoid harm.

Ordinarily, proof of the following facts will suffice to establish the exercise of "reasonable care" by the employer:

1. That the employer had promulgated an effective policy against sexual harassment in the workplace;

2. That such policy was fully communicated to its employees; and

3. That such policy provided a reasonable avenue for the Plaintiff to make a complaint to higher management.

Conversely, proof that an employee did not follow a complaint procedure

provided by the employer will ordinarily suffice to establish that the employee "unreasonably failed" to take advantage of a corrective opportunity.

In determining whether the employer exercised reasonable care, you should also consider the level of the employer's demonstrated commitment to adhere to its policy. For example, an employer does not exercise reasonable care when its practice indicates tolerance toward harassment or discrimination, despite the fact that the policy itself states otherwise.

## PROPOSED INSTRUCTION NO.9
## DAMAGES

If you find that the Plaintiff has proved her claim and that the Defendant has not proved its affirmative defense, you must then determine the amount of damages the Plaintiff has sustained.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

1. Net lost wages and benefits to the date of trial;
2. Emotional pain and mental anguish.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages -- that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

## Compensatory Damages

I will next instruct you as to damages. By so instructing you, you should draw no inference that I have concluded that the defendants are liable to the plaintiff. Sand, Instruction 87-87.

If you return a verdict for the plaintiff, you must consider the issue of actual damages, and award her that sum of money you believe will fairly and justly compensate her for any injury she actually sustained as a consequence of the defendants' conduct.

You shall award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you may award actual damages for those injuries which the plaintiff has proven by a preponderance of evidence to have been the result of conduct by the defendant. These actual damages include lost income and benefits.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial. Id.

If you find that the plaintiff lost income and benefits as a consequence of defendants' conduct, you must determine whether she could thereafter have done something to lessen the harm that she suffered. Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 54 (2d Cir.1998); Ford Motor Co. v. E.E.O.C., 458 U.S. 219, 231 (1982). The

burden is on the defendants to prove, by a preponderance of evidence, that (1) the plaintiff could have lessened the harm that was done to her, and that (2) she failed to do so.  Broadnax v. City of New Haven, 415 F.3d 265, 268 (2d Cir. 2005).

If the defendants establish that the plaintiff could have reduced the financial harm done to her but failed to do so, she is entitled only to damages sufficient to compensate her for the injuries she would have suffered if she had taken appropriate action to reduce the harm done to her.  Sand, Instruction 87-90.

Where mental or emotional distress is proved, the Court cannot give you any rule by which to measure the specific amount of damages resulting from such an injury.  This matter is left to your conscience, good sense, and sound judgment.  You should not act unreasonably through bias, passion, sympathy and should instead exercise common sense and fix an amount of damages that, in accordance with the evidence and the law, will fairly compensate the plaintiff for all of the injuries, if any, you determine were suffered. 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions: Civil § 103.21, at 266 (4th ed. 1987 and Supp. 1992).

### Punitive damages

Separate and apart from any compensatory damages award, you may also award plaintiff exemplary or punitive damages.  Punitive damages are awarded to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like it from committing such conduct in the future.  Sand, Instruction 87-92. Punitive damages may only be assessed against defendants in connection with the Federal claims.

You may award the plaintiff punitive damages against Defendants if you find that their acts were done maliciously or wantonly. You may award plaintiff punitive damages against Defendants if you find that its acts or omissions were done maliciously or wantonly. An act is malicious if it is prompted by ill will or spite towards plaintiff. An act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to her rights. Sand, Instruction 87-92.

An award of punitive damages is discretionary. If you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. Id.

**PROPOSED INSTRUCTION NO.8**
**Duty to Deliberate**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case. It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with. Remember that in a very real way you are the judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

# PROPOSED INSTRUCTION NO.9
## Election of Foreperson

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom. If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

DATED: NEW YORK, NEW YORK
          June 13, 2014

THE ABOUSHI LAW FIRM, PLLC.

_____/s/_____
By: Tahanie A. Aboushi, Esq. (TA6529)
1441 Broadway, Suite 5036
New York, New York 10018
Telephone: (212) 391-8500
Facsimile: (212) 391-8508
Tahanie@aboushi.com